124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zaka ULLAH, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70002.
 United States Court of Appeals, Ninth Circuit.
 Sept. 29, 1997.**
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zaka Ullah, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision on remand from this court. The BIA dismissed Ullah's appeal from an immigration judge's ("IJ") order denying Ullah's application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Ullah contends that the BIA erred by failing to find that he suffered past persecution or had a well-founded fear of future persecution based on his political opinion. We disagree.
 
 
 4
 We review the BIA's asylum eligibility determinations for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).[1] We may not reverse the BIA's decision unless a petitioner demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See id.
 
 
 5
 To be eligible for a discretionary grant of asylum, the petitioner must demonstrate he has suffered past persecution, or has a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A) (West Supp.1997). The petitioner must show by credible, direct and specific evidence in the record, facts supporting a reasonable fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 6
 At the deportation hearing, Ullah testified that he was an active member of the Muslim Student Federation (MSF), an arm of the Muslim League which is one of the primary political parties in Pakistan. Ullah testified that the police detained him upon the orders of the rival Pakistani People's Party (PPP), took him to jail, beat him, and then released him. Ullah further testified that in March or April of 1991, he was again detained by the police, jailed, beaten, tortured, hung by his feet, interrogated about his colleagues in the MSF, made to sit in an electric chair, deprived of food and water, and then abandoned in the street unconscious. Shortly after this incident, Ullah testified that fellow MSF members obtained a passport for him and he fled the country. Finally, Ullah learned that eight MSF members were killed recently by the PPP for demonstrating at a political rally.
 
 
 7
 We agree with the BIA that the incidents described by Ullah do not compel a finding that he was persecuted or that he has a well-founded fear of persecution on account of his political opinion. See Elias-Zacarias, 502 U.S. at 481. While detention combined with physical attacks can, in some circumstances, establish persecution, Ullah did not seek medical treatment, he was not charged with any crime by the police, and he was released from custody on both occasions. See Prasad, 47 F.3d at 339; cf. Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (stating that detention and beatings established persecution). In addition, Ullah's brother, who he testified had been active in the MSF, continues to reside unharmed in Pakistan. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (noting that petitioner's fear of persecution was undercut by fact that family continued to live in El Salvador unmolested). Moreover, Ullah failed to present any evidence to corroborate that the eight MSF members had recently been killed. See Mejia-Paiz v. INS, 111 F.3d 720, 723-24 (9th Cir.1997) (stating that proving one's membership in a church is not a particularized evidentiary burden excusing corroboration); cf. Turcios v. INS, 821 F.2d 1396, 1402 (9th Cir.1987) (noting that independent corroborating evidence to support testimony not required in all cases).[2]
 
 
 8
 Because Ullah failed to demonstrate past persecution or a well-founded fear of future persecution, he necessarily failed to demonstrate eligibility for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-6
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the BIA conducted a de novo review, we reject Ullah's argument that we must consider the IJ's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995)
 
 
 [2]
 We also note that Ullah's testimony indicates that he is concerned more about employment opportunities here than his fear of returning to Pakistan:
 Q. And if you were to return to your country what do you think you would do aside from, you know, you're being afraid? What is it that if you were able to what would you do in your country?
 A. I don't want to go--I cannot do anything over there when I go back because my education over there is over. I do not want to work over there. I want to stay here, study more if possible, and work here in a democracy. I want to stay here. And I also like the U.S. of A.
 Q. Okay. I appreciate that. Are those beliefs that that you have based on the fact that the United States is providing you with these benefits or is it based on the reasons that you stated as far as your fear of returning to your country?
 A. I am also scared to go back there. And also in this country there is a lot independence here. You can do what you want. You can work independently whatever kind of work you want to do.
 A.R. at 95-96.